UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRISON R. BRAY

VERSUS

STRATEGIC RESTAURANTS D/B/A
BURGER KING, ET AL

CIVIL ACTION

NUMBER 08-767-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 30, 2009.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


HARRISON R. BRAY
                                              CIVIL ACTION
VERSUS
                                              NUMBER 08-767-JJB-SCR
STRATEGIC RESTAURANTS D/B/A
BURGER KING, ET AL
```

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion to Remand. Record document number 35. The motion is opposed.[1]

Essentially for the reasons argued by the defendants, the plaintiff's motion should be denied.

Shawn Bray filed suit in state court against Strategic Restaurant, d/b/a Burger King Store #13901 to recover for damages allegedly caused when his son Harrison Bray struck a metal pole located in the playground area of the restaurant.[2] Defendant Strategic Restaurant Acquisition Company, LLC removed the case to this court November 25, 2008 asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

A scheduling order was issued and the parties conducted

---

[1] Record document number 37.

[2] The original named plaintiff, Harrison Bray, is a minor. His father, attorney Shawn Bray, filed suit on his behalf. After removal Shawn Q. Bray was substituted as the plaintiff and AIG Domestic Claims, Inc. was added as a defendant. Record document number 14. Plaintiff filed a Second Amended Petition for Damages which named American Home Assurance Company as a defendant and dropped AIG Domestic Claims. Record document number 25.

discovery. Defendants then filed a motion for summary judgment[3] and the plaintiff filed this motion to remand.

Plaintiff argued that the removal was not in good faith because counsel for the defendants never believed that the plaintiff's damages were in excess of $75,000, the amount in controversy required by § 1332. To support this argument, the plaintiff relies on a July 9, 2009 email from counsel for the defendants.[4]

Defendants argued that the information available to them at the time of removal, including a written settlement demand from Shawn Bray in the amount of $125,000,[5] fully supported their decision to remove the case.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has

---

[3] Record document number 33.

[4] Record document number 35-1.

[5] Record document number 35-11.

established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the

3

defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Once the district court's jurisdiction on diversity grounds is established, subsequent events that reduce the amount in controversy to less than $75,000 do not divest the district court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Louisiana Civil Code article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

### **Analysis**

Although it may not facially apparent from the allegations in the plaintiff's state court petition that the value of his claims exceeds $75,000 exclusive of interest and costs, the defendants have shown by a preponderance of the evidence that the required

amount in controversy was present at the time of removal.

Plaintiff failed to include a general allegation in the state court petition that his claims are less than the required jurisdictional amount. While not determinative, this factor supports the defendants' position.

There is no dispute that on August 22, 2008, well before removal, the plaintiff made a "firm offer to settle this case for the amount of $125,000.00."[6] This settlement offer was alleged in the Notice of Removal.[7] This offer followed an exchange of letter which started at least by April 17, 2008 with a letter sent from Shawn Bray to AIG Domestic Claims.[8] Sent with that letter, and with a subsequent letter,[9] were medical records and other documents supporting the plaintiff's claim for damages. Clearly, at the time of removal the defendants had a reasonable factual basis to believe that the amount in controversy was more than $75,000. Plaintiff has not shown to a legal certainty that the amount in controversy does not exceed $75,000.00.

Plaintiff's reliance on the July 9, 2009 email from counsel for the defendants is unavailing. First, and most importantly, because the jurisdictional facts must be judged at the time of removal and not months later after discovery or legal research may

---

[6] Record document number 35-10.

[7] Record document number 1, ¶ 7.

[8] Record document number 35-3.

[9] Record document number 35-8.

5

have revealed flaws and weaknesses in the plaintiff's case, the defendants' current evaluation of the case cannot be the basis for challenging the removal.  Second, it is apparent from the July 9, 2009, 1:46 p.m., email from counsel for the plaintiff that the plaintiff still believed then that the settlement value of the case is between $75,000 and $125,000.[10]  Third, because Shawn Bray is an attorney, the defendants could reasonably rely his settlement offer as one made in good faith, even if the defendants did not then and do not now agree that it represents the reasonable value of the case.

While it may be true that a neutral, objective evaluation of the case at the time of removal would have supported the conclusion that the case was not worth more than $75,000 (which the plaintiff has not conceded), this does not mean the court now loses subject matter jurisdiction.  That simply is not the law.

## Recommendation

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, December 30, 2009.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] Record document number 35-1, p. 2.