UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRISON R. BRAY

VERSUS

STRATEGIC RESTAURANTS ET AL.

CIVIL ACTION

NO. 08-767-JJB-SCR

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on defendants' motions for summary judgment (doc. 33) and motion for partial summary judgment (doc. 34). Plaintiff has filed an opposition (doc. 42). Jurisdiction is based upon 28 U.S.C. § 1332. After careful review of the aforementioned filings, the Court DENIES the defendants' motion for summary judgment and GRANTS the defendants' motion for partial summary judgment.

#### I.  Factual Background

This case arises out an accident that allegedly occurred on defendants' premises on November 16, 2007. According to the petition, three-year-old Harrison Bray allegedly hit an uncovered metal pole while playing in the playground area of a Burger King restaurant owned by defendants. As a result this incident, Harrison allegedly suffered damages, including physical injury, emotional distress, and medical expenses. Shawn Bray seeks to recover damages on behalf of his son, Harrison, resulting from defendants' negligence in (1) failing to maintain the premises; (2) failing to assist timely following the injury; and (3) creating an "attractive nuisance." See Pl.'s Pet. (doc. 1-1).

1

Here, defendants have brought two motions: first, a motion for summary judgment asserting there is no genuine issue for trial on the whole of plaintiff's claim; and second, a motion for partial summary judgment specifically on plaintiff's claim for eye twitches and neurological injuries.

## II.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 holds that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2).  In interpreting Rule 56 and the standard for summary judgment, the U.S. Supreme Court has held that summary judgment is merited "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When the party moving for summary judgment does not have the burden of proof at trial, as is the case here, the moving party need only demonstrate that the record is absent of evidence to support the non-moving party's claim.  *Id.* at 325.  The non-moving party must provide facts showing there is a genuine issue for trial in order to counter the motion for summary judgment.  *Id.* at 324.  The Court examines disputed or unsettled facts in the light most favorable to the plaintiff (non-moving party).  However, the non-moving party may not merely rely on the allegations set forth in its pleadings; rather, it must present specific facts showing a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  There must be more than a scintilla of evidence in the non-moving party's

favor; specifically, there must be evidence on which a jury could reasonably find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Summary judgment is warranted in favor of the moving party when "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."  *Celotex*, 477 U.S. at 323.

### III. Law and Analysis

A.  <u>Motion for Summary Judgment</u>

Defendants move now for summary judgment, arguing that plaintiff cannot meet his burden under La.-R.S. 9:2800.6(B) as to the element of constructive knowledge.  This statute addresses the burden of proof in claims for damages brought against merchants under Louisiana law.

However, plaintiff argues that subsection (B) of this statute is not the law under which his claims arise.  In his memorandum in opposition to summary judgment, plaintiff argues that subsection (B) is only applicable in cases involving a slip and fall injury; specifically, plaintiff points to the following language in the statute:  "In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained *because of a fall*..."  La.-R.S. 9:2800.6(B) (emphasis added).  Asserting that subsection (B) of this statute is not applicable, plaintiff argues that he does not have to prove the element of constructive knowledge as it has been interpreted under subsection (B).  Instead, plaintiff asserts that his claims arise under general negligence principles under subsection (A) of La.-R.S. 9:2800.6, which reads:

3

> "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."

La.-R.S. 9:2800.6(A).

In support of this argument, the plaintiff relies on *Retif v. Doe*, 632 So.2d 405 (La. App. 4 Cir. 2/11/94), where the court specifically did not apply subsection (B) of La.-R.S. 9:2800.6 because the injury in question (a shopping cart falling on a four-year-old boy) was not a slip and fall injury as contemplated in subsection (B). 632 So.2d at 407. The court specifically held that subsection (A) was the applicable portion of the statute; as such, general negligence principles applied as to the plaintiff's burden of proof. *Id.*

This Court agrees with the plaintiff's reliance on *Retif*. The plaintiff's burden of proof in a merchant liability case that is not a "slip and fall" claim, is the same burden applied in a general negligence action. As the *Retif* court points out, subsection (A) of La.-R.S. § 9:2800.6 defines the duty placed on the defendants. Now that the duty has been established by La.-R.S. § 9:2800.6(A), to prevail on its claim, the plaintiff here must prove the remainder of the elements in the duty-risk formulation, namely that the defendants breached its duty; that said breach was the cause of plaintiff's injury; and that the plaintiff suffered damages. *Id.* Contrary to defendants' assertion, plaintiff is not required to put forth evidence that the condition existed for a period of time prior to the incident, as is required under La.-R.S. 9:2800.6(B).

In its memorandum in support of the motion for summary judgment, defendants focus all of their argument on the appropriate burden of proof, namely whether the plaintiff has to prove the element of constructive knowledge under La.-R.S. 9:2800.6(B). The Court finds that the plaintiff does not have to prove construction

4

knowledge as required under La.-R.S. 9:2800.6(B).  However, the defendants have put forth no argument that the plaintiff cannot meet any other element of his burden.  In order to prevail in a motion for summary judgment, the moving party must demonstrate that the record is absent of evidence to support the plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Because the defendants have not demonstrated that any other element of the plaintiff's claim is devoid of proof on the record, the Court DENIES this motion for summary judgment.

### B. Motion for Partial Summary Judgment

Additionally, the defendants move for partial summary judgment specifically as to the plaintiff's claim for eye twitches and neurological injuries.  Defendants argue that the plaintiff cannot sufficiently prove the causal link between these injuries and the incident in question.  Defendants base this claim upon depositions of the plaintiff's treating physicians, none of whom, defendants assert, linked the twitches to the November 16, 2007 incident or diagnosed the plaintiff with neurological problems.  Therefore, because none of the plaintiff's doctors assert these injuries were a result of the November 16, 2007 accident, defendants argue the plaintiff cannot show the causal link between any breach of duty and the plaintiff's alleged injuries of eye twitching and neurological damage.

After reviewing the depositions of three physicians who examined the plaintiff, the Court agrees with the defendants that the plaintiff has failed to put forth evidence that can provide a causal link between the plaintiff's alleged eye twitches or neurological injuries and the November 16, 2007 incident in question.  All three doctors, in their

5

depositions, say that the plaintiff's eye twitches were not caused by the November 16, 2007 incident. No doctor identifies any neurological injuries that resulted from the November 16, 2007 incident. In fact, Dr. Schexnayder, a pediatric neurologist who examined the plaintiff on December 9, 2008, testified: "His examination was normal. Mother was not reporting any neurological signs or symptoms and his development was normal." Depo. of Dr. Schexnayder, p. 9 (doc. 34-4).

As established above, one of the elements plaintiff must prove is causation between the alleged negligence of the defendants and the injury suffered by the plaintiff. As defendants point out, medical causation may require expert testimony, if the medical causation is not within the scope of common knowledge. *Hutchinson v. Shah*, 648 So. 2d 451, 452 (La. App. 1 Cir. 1994). Because the plaintiff's own treating physicians deny a causal link between the alleged incident and the plaintiff's injuries of eye twitching and neurological disease, the Court finds that the plaintiff has failed to meet its burden of proof with regard to these injuries. Therefore, for the foregoing reasons, the court GRANTS defendant's motion for partial summary judgment as to plaintiff's claims for eye twitches and neurological injuries.

## IV. Conclusion

The Court finds that the defendant failed to meet its burden under *Celotex* with regard to the motion for summary judgment on the whole of plaintiff's claim. However, the Court also finds that the plaintiff has not put forth sufficient evidence at this point to prove there is a genuine issue of material fact with respect to the plaintiff's claims for eye twitching and neurological injuries. Accordingly, defendants' motion for summary judgment (doc. 33) is hereby DENIED and defendants' motion for partial summary judgment (doc. 34) is GRANTED.

Signed in Baton Rouge, Louisiana, on March 30, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**